# First National Bank of Leechburg *v*. Title Guaranty and Surety Company, Appellant.

*Practice, C. P.—Trial—Continuance—Discretion of court.*

A motion for the continuance of a case is addresssed to the sound discretion of the trial court, and its order will not be overruled by the appellate court in the absence of clear proof of an abuse of power.

Argued October 10, 1912. Appeal, No. 197, Oct. T., 1912, by defendant, from judgment of C. P. Armstrong Co., Sept. T., 1910, No. 157, on verdict for plaintiff in case of First National Bank of Leechburg v. The Title Guaranty and Surety Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit upon a bond of suretyship. Before PATTON, P. J.

From the record it appeared that the statement of claim was filed on April 24, 1911. On Saturday, June

1, 1912, two days before the case was to be called for
trial the defendant presented a petition to the court in
which it averred that it was the surety on the bond in suit
which had been given to protect the plaintiff from loss
by reason of fraud or dishonesty of one A. B. Windt,
employed by the plaintiff as its foreign exchange bank
clerk; that the suit had been brought to recover losses
alleged to have been sustained by reason of the defalca-
tions of Windt. The petitioner averred that it expected
to prove at the trial that Windt had made a full and
complete settlement with the plaintiff. The petition
continued as follows:

Defendant further says that it is informed and be-
lieves and expects to be able to prove upon trial of this
cause that not only was there a full settlement between
the said Windt and the said plaintiff, but that the plain-
tiff recommended the said Windt to the good will of the
public, both by newspaper publications and otherwise.

Defendant further says that it is informed by John
H. Jordan, Esq., United States District Attorney for
the Western District of Pennsylvania, and believes and
expects to be able to prove upon trial of this cause that
the said A. B. Windt, for whose alleged defalcations this
action is brought, is now serving a term of imprison-
ment at Manilla, in the Philippine Islands, and that his
term will probably expire during the present month.
This defendant is informed that the said United States
District Attorney, John H. Jordan, has made requisi-
tion for the said Windt so that he may be tried upon the
identical charges upon which this action is based and
that the said Windt is to be transported, immediately
upon his release from imprisonment, to this country
and placed in charge of the United States authorities
for the Western District of Pennsylvania to stand trial
upon these charges.

This defendant further says that it believes that the
said Windt, in view of the alleged settlement of these
charges as above set forth, and in view of his knowledge

of all of these transactions, would be a valuable witness for this defendant, and in fact is the only witness having full and complete knowledge of his said alleged fraudulent transactions.......

Your petitioner further says that there has not been sufficient time since the filing of the supplemental declaration by the plaintiff in this cause to take the deposition of the said Windt, by reason of his imprisonment at such a great distance.

Your petitioner further says that it is impossible to procure other witnesses, and in fact there are no other witnesses who, it is reasonable to suppose, can testify to the same facts.

Your petitioner further says that the said witness is perfectly competent, and that his testimony will be competent, relevant and material to the issue.

The petition prayed for the continuance of the case until the fall term.

When the case was called for trial the court overruled the motion for continuance based upon the petition previously presented.

*Error assigned,* among others, was in refusing the motion for continuance.

*George J. Shaffer,* with him *Lyon & Hunter* and *Heiner & Golden,* for appellant.

*J. H. Painter, Floy C. Jones* and *H. L. Golden,* for appellee, were not heard.

PER CURIAM, January 6, 1913:

This action was upon a bond given to indemnify the plaintiff from loss which might result from the embezzlement or larceny by an employee. The only assignment of error to be considered relates to the refusal of the court to continue the case because of the absence of a material witness who at the time was imprisoned in

the Philippine Islands.   A motion for the continuance of a case is addressed to the sound discretion of the court and its order will not be overruled in the absence of clear proof of an abuse of power.   That does not appear in this case.

The judgment is affirmed.